Timothy F. Umbreit   SBN 145932
4701 Cartwright Ave
Toluca Lake, CA 91602

818-535-7381(v)
818-334-5659 (f)

tim@timumbreit.com

*[proposed] Attorney for: Carey Lee Salley*
*Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION

In re:

    Carey Lee Salley
aka Carey L. LaSalle
aka Carey Lee LaSalle


       Debtor
       Debtor in Possession

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 1:10-bk-19021-KT

The Honorable Judge Kathleen Thompson

Chapter 11

APPLICATION OF DEBTOR AND
DEBTOR IN POSSESSION FOR
AUTHORITY TO EMPLOY TIMOTHY F.
UMBREIT AS COUNSEL TO THE
DEBTOR; AND, DECLARATION OF
TIMOTHY F. UMBREIT

Carey Lee Salley, Debtor and Debtor in Possession (hereinafter Debtor) hereby applies to this

Court for an Order authorizing the employment of Timothy F. Umbreit as counsel for the Debtor.

This Application is made and based on upon the attached memorandum of Points and Authorities

and the Declaration of Timothy F. Umbreit and upon any additional evidence both oral and

documentary that may be presented to the Court at or before the hearing on this Application, if

any, should be held on this Application.

    In support of this Application Debtor respectfully represents as follows:

1.  On July 15th, 2010, the Debtor contacted Timothy F. Umbreit (hereinafter Attorney) to discuss her situation concerning her investment properties and the impending Trustee Sales on them.  Her situation was complicated by the fact that she had previously filed a Chapter 7 Bankruptcy (Case No. 1:09-bk-15318-KT) and obtained a discharge on December 3, 2009.

2.  After extensive consultation and research, Attorney was retained to file this case.  On July 23, 2010, Debtor filed this Case.

3.  The Debtor has two properties that heavily encumbered by Deeds of Trusts, the balances of the indebtedness far exceed the fair value of the properties.

4.  The Debtor proposes to file a Plan of Reorganization (the Plan) that will allow her to keep the properties and pay the indebtedness to the extent it is secured by the properties.

5.  The Debtor's Plan and these proceedings will require the assistance and representation of Attorney.

6.  The Attorney is duly licensed to practice law in the State of California and in all United States District Courts within the State of California.

7.  Attorney is a disinterested person as defined in 11 USC § 101(4) and has no interest in or adverse to the Debtor, the Bankruptcy Estate.  Prior to the initial consultation, Attorney had no involvement on the Debtor's business.

8.  The Debtor requires the services of Attorney to render the following types of professional services:

   a. To advise and assist the Debtor with respect to compliance with the requirements of the Office of the United States Trustee (UST);

   b. To advise the Debtor regarding bankruptcy law, including the rights and remedies of the Debtor in regard to her assets and to the claims of the creditors;

c. To advise and assist the Debtor in compliance with her duties as a Debtor and a Debtor in Possession under the bankruptcy Code and the applicable bankruptcy Rules;

d. To advise and assist the Debtor in any proceedings or hearings in the Court and in any court where the Debtor's rights might be litigated or affected;

e. To file any motions, applications or other pleadings appropriate to effectuate the reorganization of the Debtor;

f. To advise and assist the Debtor in the negotiation, formulation, confirmation and implementation of the Plan;

g. To advise and assist the Debtor in taking such other actions and perform such service as the Debtor may require.

9. The Debtor and Attorney have agreed, subject to the Court's approval, to the terms of Attorney's employment in this Case.  The terms of the agreement are set forth in the Retainer Agreement executed on July 29, 2010 (a copy of which is attached hereto as Exhibit A).

10. Attorney has received $15,000 from the Debtor of which $5000 is a non refundable retainer to cover all pre-petition services including the consultation, research, preparation of the bankruptcy petition and schedules, obtaining all documentation necessary to properly advise the Debtor and to formulate, at least as was then reasonably anticipated, a proposed plan of reorganization.  Attorney agreed to bill his normal and customary hourly rate against the Initial Retainer of $325; the balance of the retainer was placed in Attorney's Trust Account to cover filing fees of $1039, certification and recording costs of $58.50 and, subject to this Court's approval, to cover the post petition services outlined above.  Debtor proposes to allow Attorney to "Draw Down" against the retainer on monthly basis, such amounts as are reasonably necessary to perform the services at the rate of $325 an hour, subject to the reporting requirements of the Code, Rules and the UST.

11. Attorney has advised the Debtor that the retainer may not be enough to cover all of the services necessary and that she may be required to pay such additional sums from the operations of her business to replenish the retainer based on an estimate of anticipated fees for the following six months, subject to further order of the Court and approval of the UST.

12. In accordance with UST Fee Guide, Attorney will file monthly statements (Fee Notices) with the UST with respect to fees for professional services rendered to the Debtor and for reimbursement of expenses incurred on behalf of the Debtor.  Attorney shall serve copies of the Fee Notice on the Debtor, the UST, the Debtor's Twenty Largest Unsecured Creditors until such time as any committees are appointed by the UST and any parties who request special notice.  If no objection to the Fee Notice is filed and served within 10 days after service of the Fee Notice, Attorney will withdraw from his Trust Account the amount of fees and costs represented by the monthly statement and pay himself those sums without further notice, hearing or order of the Court.  If a written objection to the Fee Notice is filed a party in interest, Attorney will refrain from withdrawing the disputed funds from his Trust Account until the objection is resolved by the Court.  If appropriate, Attorney will file an application with the Court seeking allowance of its fees and costs incurred to that date and paid pursuant to the monthly payment procedure.

13.  This Application is made pursuant to 11 USC § 328 which states, pertinent part

"Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions."

14. Attorney has not agreed to share with any person or entity any compensation received by him in this Case.

WHEREFORE, Debtor respectfully requests that this Court enter an Order as follows:

A. Authorize the Debtor, based upon the foregoing and pursuant to 11 USC §§ 327 and 328 and FRBP 2014(a) to employ Attorney, Timothy F. Umbreit as attorney for Debtor, effective as of the commencement of this case, with compensation to Attorney in accordance the terms as set forth herein;

B. Authorizing Attorney to obtain monthly compensation of his fees and costs in the Case in accordance with the terms set forth herein;

C. Authorizing Attorney's employment pursuant to the terms of the Retainer Agreement; and,

D. Granting to the Debtor and Attorney such other further relief as the Court deems just and appropriate.

Dated: July 27, 2010

_____/s/ Timothy F. Umbreit_____
Timothy F. Umbreit
[proposed] Attorney for the Debtor
Carey Lee Salley

DECLARATION OF TIMOTHY F. UMBREIT IN SUPPORT OF DEBTOR'S APPLICATION FOR ORDER TO EMPLOY TIMOTHY F. UMBREIT AS ATTORNEY FOR THE DEBTOR

I, Timothy F. Umbreit, declare and state:

I am an attorney licensed to practice law in the State of California and the United State Districts Court within the State of California.  I have personal knowledge of the facts set forth herein, and if called upon to testify, could and would do so competently and truthfully.

1.  On July 15th, 2010, the Debtor contacted me to discuss her situation concerning her investment properties and the impending Trustee Sales on them.  Her situation was complicated by the fact that she had previously filed a Chapter 7 Bankruptcy (Case No. 1:09-bk-15318-KT) and obtained a discharge on December 3, 2009.

2.  After extensive consultation and research, I was retained to file this case.  On July 23, 2010, Debtor filed this Case.

3.  The Debtor has two properties that heavily encumbered by Deeds of Trusts, the balances of the indebtedness far exceed the fair value of the properties.

4.  The Debtor proposes to file a Plan of Reorganization (the Plan) that will allow her to keep the properties and pay the indebtedness to the extent it is secured by the properties.

5.  The Debtor's Plan and these proceedings will require the assistance and representation of Attorney.

6.  I am a duly licensed to practice law in the State of California and in all United States District Courts within the State of California.  I have been practicing law for over 29 years and I have extensive experience in bankruptcy matters.  I was a Chapter 7 Panel Trustee for many years in the District of Maryland.

7.  I am a disinterested person as defined in 11 USC § 101(4) and have no interest in or adverse to the Debtor, the Bankruptcy Estate.  Prior to the initial consultation, I had no involvement on the Debtor's business.

8.  The Debtor requires my services to render the following types of professional services:

a. To advise and assist the Debtor with respect to compliance with the requirements of the Office of the United States Trustee (UST);

b. To advise the Debtor regarding bankruptcy law, including the rights and remedies of the Debtor in regard to her assets and to the claims of the creditors;

c. To advise and assist the Debtor in compliance with her duties as a Debtor and a Debtor in Possession under the bankruptcy Code and the applicable bankruptcy Rules;

d. To advise and assist the Debtor in any proceedings or hearings in the Court and in any court where the Debtor's rights might be litigated or affected;

e. To file any motions, applications or other pleadings appropriate to effectuate the reorganization of the Debtor;

f. To advise and assist the Debtor in the negotiation, formulation, confirmation and implementation of the Plan;

g. To advise and assist the Debtor in taking such other actions and perform such service as the Debtor may require.

9. The Debtor and I have agreed, subject to the Court's approval, to the terms of Attorney's employment in this Case.  The terms of the agreement are set forth in the Retainer Agreement executed on July 29, 2010 (a copy of which is attached hereto as Exhibit A).

10. I have received $15,000 from the Debtor of which $5000 is a non refundable retainer to cover all pre-petition services including the consultation, research, preparation of the

bankruptcy petition and schedules, obtaining all documentation necessary to properly advise the Debtor and to formulate, at least as was then reasonably anticipated, a proposed plan of reorganization.  I agreed to bill his normal and customary hourly rate against the Initial Retainer of $325; the balance of the retainer was placed in my Attorney's Trust Account to cover filing fees of $1039, certification and recording costs of $58.50 and, subject to this Court's approval, to cover the post petition services outlined above.  Debtor proposes to allow me to "Draw Down" against the retainer on monthly basis, such amounts as are reasonably necessary to perform the services at the rate of $325 an hour, subject to the reporting requirements of the Code, Rules and the UST.

11. I have advised the Debtor that the retainer may not be enough to cover all of the services necessary and that she may be required to pay such additional sums from the operations of her business to replenish the retainer based on an estimate of anticipated fees for the following six months, subject to further order of the Court and approval of the UST.

12. In accordance with UST Fee Guide, I will file monthly statements (Fee Notices) with the UST with respect to fees for professional services rendered to the Debtor and for reimbursement of expenses incurred on behalf of the Debtor.  I shall serve copies of the Fee Notice on the Debtor, the UST, the Debtor's Twenty Largest Unsecured Creditors until such time as any committees are appointed by the UST and any parties who request special notice.  If no objection to the Fee Notice is filed and served within 10 days after service of the Fee Notice, I will withdraw from his Trust Account the amount of fees and costs represented by the monthly statement and pay himself those sums without further notice, hearing or order of the Court.  If a written objection to the Fee Notice is filed a party in interest, I will refrain from withdrawing the disputed funds from his Trust Account until the objection is resolved by the Court.  If appropriate, I will file an application with the Court seeking allowance of its fees and costs incurred to that date and paid pursuant to the monthly payment procedure.

13.  This Application is made pursuant to 11 USC § 328.  I

14. I have not agreed to share with any person or entity any compensation received by him in this Case.

I declare and affirm under the penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 27th day of July, 2010 in Los Angeles County, California.



___/s/ Timothy F. Umbreit_____
Timothy F. Umbreit

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
4701 Cartwright Ave., Toluca Lake, CA 91602

A true and correct copy of the foregoing document described as Application to Employ Timothy F. Umbreit as
Attorney will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-
2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to
controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the
court via NEF and hyperlink to the document. On July 27, 2010 checked the CM/ECF docket for this bankruptcy
case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to
receive NEF transmission at the email address(es) indicated below:

ustpregion16.wh.ecf@usdoj.gov

☐  Service information continued on
attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On July 27, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States
Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is
filed.

The Honorable, Kathleen Thompson, Judge USBC, 21401 Burbank Blvd., Suite 305, Woodland Hills, CA 91367

☐  Service information continued on
attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for
each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the
following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service
method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that
personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on
attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and
correct.

| Timothy F. Umbreit | /s/ Timothy F. Umbreit |
|---|---|
| *Date*         *Type Name* | *Signature* |

Application to Employ                    10