Timothy F. Umbreit   SBN 145932
4701 Cartwright Ave
Toluca Lake, CA 91602

818-535-7381(v)
818-334-5659 (f)

tim@timumbreit.com

*[proposed] Attorney for: Carey Lee Salley*
*Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Carey Lee Salley<br>aka Carey L. LaSalle<br>aka Carey Lee LaSalle<br><br><br>Debtor<br>Debtor in Possession | Case No.: 1:10-bk-19021-KT<br><br>The Honorable Judge Kathleen Thompson<br><br>Chapter 11<br><br><br>MOTION TO DETERMINE:<br>STATUS OF CLAIM/INTEREST IS A VOID UNDERSECURED LIEN PURSUANT TO 11USC§506;<br>THE VALUE OF SECURITY PURSUANT TO FRBP 3012;<br>IF RENTS ARE CASH COLLATERAL UNDER 11 USC§§ 363(c) and 552(b)(2);<br>MEMORANDUM OF POINTS AND AUTHORITIES; AND<br>DECLARATION OF CAREY LEE SALLEY<br><br>Hearing Date: To Be Set<br>Hearing Time: To Be Set<br>Courtroom: 301 |

Carey Lee Salley, Debtor and Debtor in Possession (hereinafter Debtor) hereby moves this Court for an Order determining the status of the claim or interest of Bay Area Financial Corporation (BAF), the lien is void, the value of the collateral securing lien and that rents are not cash collateral. This Motion is made and based on upon the attached Memorandum of Points and

Motion    1

Authorities and the Declaration of Carey Lee Salley and upon any additional evidence both oral and documentary that may be presented to the Court at the hearing on this Motion. Debtor has filed concurrently with this Motion and an Application for Order Setting Hearing on Shortened Notice.

**MOTION**

Debtor has an interest in real property located at 23704 Long Valley Road, Hidden Hills, Los Angeles County, California 91302 (the Property). The Property is valued at $1,200,000. The first mortgage is $1,750,000. The second mortgage held by BAF is $253,000. The third mortgage is $100,000. The BAF deed of trust has an assignment of rents and BAF is claiming that the rents are cash collateral. Debtor disputes that claim as follows:

I. The principal balance of the first mortgage on the Debtor's property far exceeds the value of the property. The second mortgage of BAF is completely unsecured and the lien is void. 11 USC§506.

II. The value of the property in which the estate has an interest is far less than the balance of the first mortgage. The value of the Property is $1,200,000. FRBP 3012.

III. The 'rents' are not 'cash collateral' because BAF has no interest in the estate. 11 USC§363(a).

**WHEREFORE**, Debtor hereby moves this Court for an Order determining the status of the claim or interest of BAF, to void the lien, value the collateral securing lien and that rents are not cash collateral.

Dated: August 1, 2010.

                                               /s/ Timothy F. Umbreit
                                             Timothy F. Umbreit

**MEMORAMDUM OF POINTS AND AUTHORITIES**

STATEMENT OF FACTS
And
PROCEDURAL HISTORY

1. Debtor received a Chapter 7 Discharge on December 3, 2009 in Case No: 1:09-bk-15318-KT. On January 10, 2010, BAF filed a Motion for Relief From Stay in that case which was unopposed by the Debtor. The Motion was granted by Order dated January 22, 2010 which states in pertinent part, "…4. As to Movant [BAF] … the stay … is Terminated as to the Trustee and Debtor's(s') bankruptcy estate. Moot as to the Debtor-Discharge entered 12/3/09." And in "5. Movant may enforce its remedies … but may not pursue any deficiency against the Debtor(s) or **property of the estate** except by filing a Proof of Claim pursuant to 11 USC§501." (Emphasis added). And, in the attachment to the Order additional provisions were requested, namely, "…that the relief from stay is granted as to the Movant, so that the Movant may file a state court action against the Debtor for specific performance to appoint a receiver to conserve, manage, maintain, and collect the rents from the Property …"

2. BAF did not file a state court action to collect rents but instead elected to proceed by against the property by a Non-Judicial foreclosure. BAF recorded a Notice of Trustee Sale on February 22, 2010, scheduling a sale date of July 29, 2010.

3. Debtor filed this case on July 23, 2010.

4. Debtor owns 2 properties, only one of which is relevant to these proceedings: 23704 Long Valley Road, Hidden Hills, Los Angeles County, California 91302 (the Property). The current fair market value of the Property is no more than One Million Two Hundred Thousand Dollars ($1,200,000.00). There are three deeds of trust recorded on the property: 1) Bank of America (BOA), first mortgage with a principal balance of approximately $1,750,000; 2) Bay Area Financial Corporation (BAF) second mortgage with a principal balance of approximately $230,000; and, View Trust third mortgage with a principal balance of $100,000.

5. The BAF loan is completely unsecured.

6. The BAF deed of trust contains an assignment of rents. BAF is claiming that the rents are cash collateral.

7. BAF filed a Motion for Relief From Stay (MFR) in this case on July 30, 2010 wherein in states, "The Debtor has now ignored Bay Area's demand pursuant to 11 USC§ to segregate the cash collateral and had not received Countrywide's consent to use cash collateral."

8. Debtor is not aware of any security interest in rents in the BOA (Countrywide) deed of trust.

9. The MFR further states that the Debtor has no equity in the property. This candid admission, in fact proves Debtor's point, neither does BAF have any equity in the Property. Exhibit A).

**POINT I**

The principal balance of the first mortgage on the Debtor's property far exceeds the value of the property. The second mortgage of BAF is completely unsecured and the lien is void.

AUTHORITY

10. "An allowed claim of a creditor secured by a lien on property in which the estate has an interest… is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property… and is an **unsecured claim** to the extent that the value of such creditor's interest …is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest." And "To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such **lien is void** …" 11 USC§506(d). (Emphasis added).

11. "The lien of a secured creditor passes through a chapter 7 case unaffected by the discharge even though the debtor's personal liability is discharged. *See Matter of Tarnow,* 749

F.2d 464, 465 (7th Cir.1984); *Matter of Penrod,* 50 F.3d 459, 461-464 (7th Cir.1995); *In re Thomas,* 883 F.2d 991, 998 (11th Cir.1989), *cert. denied,* 497 U.S. 1007, 110 S.Ct. 3245 (1990); *In re Bisch,* 159 B.R. 546, 549 (9th Cir. BAP 1993); *In re Work,* 58 B.R. 868, 873 (Bankr.D.Or.1986). Given that the lien survived the chapter 7 discharge, if a chapter 13 petition is later filed and the lien is stripped pursuant to *Lam,* the creditor must be allowed an unsecured claim despite the earlier chapter 7 discharge." And "Effectively, the discharged debt is a nonrecourse debt. Because of the chapter 7 discharge, the claimant cannot sue the debtor but it can foreclose on its security. The intervention of the chapter 13 petition and the application of section 506(a), however, prevent it from pursuing its collateral. Consequently, the claimant has an unsecured claim against the estate. It is entitled to be paid whatever sections 1325(a)(4) [the best-interests of creditors-test] and 1325(b) [the disposable income test] require be paid to unsecured creditors, the prior chapter 7 discharge notwithstanding. 11 U.S.C. § 1325(a)(4) & (b). That may be nothing or it may be 100%." *In re Gounder*, 266 B.R. 879, (Bkrtcy.E.D.Cal.,2001). See also *In re Akram*, 259 B.R. 371 (Bankr.C.D.Cal.2001).

## ARGUMENT

12. Although BAF misstates the findings in *Gounder* in its Motion for Relief and the law concerning the Debtor's right to a discharge in Chapter 11, that case explains that a wholly unsecured lien stripped by operation of 506 becomes unsecured. A Chapter 11 Debtor is entitled to a discharge under 11USC §1141(d)(3) so long as the Debtor's Chapter 11 is not a liquidating plan. Debtor proposes reorganization not liquidation and is therefore entitled to a discharge, assuming confirmation of her plan. The Debtors in *Gounder* and *Akram* were also entitled to discharges upon completion of their Chapter 13 Plans, both proposing to pay off their unsecured creditors through their respective plans, albeit pennies on the dollar. Here Debtor proposes, or will propose, a plan of reorganization that may actually pay the resulting unsecured creditors more than mere pennies.

13. For purposes of cash collateral, BAF is quite simply, an unsecured creditor. It has no right to enforce its prepetition security interest in the rents and will have to be content to recover its unsecured claim through the Debtor's Chapter 11 Plan, which may not be as bad as it thinks. But right now, BAF is not entitled to adequate protection. The lien of BAF is void.

**POINT II**

The value of the property in which the estate has an interest is far less than the balance of the first mortgage. The value of the Property is $1,200,000.

AUTHORITY

"The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct." FRBP 3012.

"Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property." 11 USC§506(d).

ARGUMENT

The Court may take either of two approaches to the valuation of BAF's interest in the Debtor's property: 1) determine the value of the property; or, 2) determine that the value of the property is less than the balance owed on the first mortgage. The first requires a degree of precision and the Debtor has the burden of proof. Usually this is done by an appraisal. Unfortunately due to budget and time constraints, the Debtor is unable to provide an appraisal by an independent certified appraiser. However, the Debtor is certainly in a position to express an opinion as to the value of her property. Additionally, online valuations have come to be accepted in cases where the amount is not seriously in dispute. The Debtor estimates the fair market value of the Property at $1,200,000. Zillow estimates the value at $1,287,500 (Exhibit B). BAF agrees that the value of the Property is well under the balance of the first mortgage. For the purposes of determining if BAF has any equity upon which to base its claims to cash collateral, there can be

no dispute. And for the purposes of voiding BAF's line there can be no dispute either. Both are admitted by BAF in its MFR.

### POINT III

The 'rents' are not 'cash collateral' because BAF has no interest in the estate.

### AUTHORITY

"In this section, "cash collateral" means cash … in which the estate and an entity other than the estate **have an interest** and includes the … rents … subject to a security interest as provided in section 552 (b) of this title, whether existing before or after the commencement of a case under this title." 11 USC§363(a).

"Funds subject to an avoidable lien constitute cash collateral and may not be used without the secured creditor's consent or without providing adequate protection until the lien is avoided pursuant to an adversary proceeding commenced for that purpose." *In re Greenhaven Village Apts. of Burnsville Phase II Ltd. Partnership*, 100 BR 465, 470 (BC D MN 1989).

### ARGUMENT

There is a dearth of case law directly on point, however *Greenhaven* provides guidance here. In *Greenhaven*, the issue was when, under Minnesota law, the security interest in rents attached or more appropriately was the perfection of the lien an assignment of a property right or a conditional security interest. One would be void and the voidable. In California the issue of the effect of the assignment of rents is resolved by California Civil Code § 2938. Whatever the form, as assignment f rents is a security interest. But more germane for this case is that an assignment of rents is cash collateral only until a voidable lien is voided. In *Greenhaven*, the voidability was based on the interpretation of Minnesota law. Here, the issue is one of Bankruptcy law. Under 506 BAF's lien is void. From *Greenhaven* we may deduce that if the lien is void, then an assignment of rent is not cash collateral. Even if BAF's lien is voidable,

then this motion will eliminate the lien and take with it the security interest in rents. The rents are not cash collateral.

WHEREFORE, Debtor respectfully requests that this Court grant an Order:

    A. That the second mortgage of BAF is completely unsecured and the lien is void.

    B. That the value of the Property is $1,200,000.

    C. That the 'rents' are not 'cash collateral' and that Debtor is not required to obtain BAF's consent to use the rents or provide BAF with adequate protection.

Dated: August 1, 2010.

                                    /s/ Timothy F. Umbreit
                                    Timothy F. Umbreit

DECLARATION OF CAREY LEE SALLEY IN SUPPORT OF MOTION

I, Carey Lee Salley, declare as follows:

1. I am the Debtor in this Case; I am over 18 years of age and I am familiar with the facts as stated herein; if called upon to testify to these facts, I would and could do so competently on my personal knowledge; I am also known as Carey L. LaSalle.

3. I received a Chapter 7 Discharge on December 3, 2009 in Case No: 1:09-bk-15318-KT. On January 10, 2010, BAF filed a Motion for Relief From Stay in that case which was unopposed by the Debtor. The Motion was granted by Order dated January 22, 2010 which states in pertinent part, "…4. As to Movant [BAF] … the stay … is Terminated as to the Trustee and Debtor's(s') bankruptcy estate. Moot as to the Debtor-Discharge entered 12/3/09." And in "5. Movant may enforce its remedies … but may not pursue any deficiency against the Debtor(s) or **property of the estate** except by filing a Proof of Claim pursuant to 11 USC§501." (Emphasis added). And, in the attachment to the Order additional provisions were requested, namely, "…that the relief from stay is granted as to the Movant, so that the Movant may file a state court action against the Debtor for specific performance to appoint a receiver to conserve, manage, maintain, and collect the rents from the Property …"

2. BAF did not file a state court action to collect rents but instead elected to proceed by against the property by a Non-Judicial foreclosure. BAF recorded a Notice of Trustee Sale on February 22, 2010, scheduling a sale date of July 29, 2010.

3. I filed this case on July 23, 2010.

4. I own 2 properties, only one of which is relevant to these proceedings: 23704 Long Valley Road, Hidden Hills, Los Angeles County, California 91302 (the Property). The current fair market value of the Property is no more than One Million Two Hundred Thousand Dollars ($1,200,000.00). There are three deeds of trust recorded on the property: 1) Bank of America (BOA), first mortgage with a principal balance of approximately $1,750,000; 2) Bay Area

Financial Corporation (BAF) second mortgage with a principal balance of approximately $230,000; and, View Trust third mortgage with a principal balance of $100,000.

5. The BAF loan is completely unsecured.

6. The BAF deed of trust contains an assignment of rents. BAF is claiming that the rents are cash collateral.

7. BAF filed a Motion for Relief From Stay (MFR) in this case on July 30, 2010 wherein in states, "The Debtor has now ignored Bay Area's demand pursuant to 11 USC§ to segregate the cash collateral and had not received Countrywide's consent to use cash collateral."

8. I am not aware of any security interest in rents in the BOA (Countrywide) deed of trust.

I declare and affirm under the penalties of perjury under the laws of the United States that the foregoing is true and correct.

Executed this August 1, 2010 in Los Angeles County, California.

_____
Carey Lee Salley
aka Carey L. LaSalle

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 4701 Cartwright Ave., Toluca Lake, CA 91602

A true and correct copy of the foregoing document described as Motion to Avoid Lien will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 1, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Katherine Bunker     kate.bunker@usdoj.gov
- Scott C Clarkson     sclarkson@lawcgm.com
- United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On August 1, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable, Kathleen Thompson, Judge USBC, 21401 Burbank Blvd., Suite 305, Woodland Hills, CA 91367

X  Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Timothy F. Umbreit | | /s/ Timothy F. Umbreit |
|---|---|---|
| *Date*  August 1, 2010 | *Type Name* | *Signature* |

1  Bay Area Financial
   12400 Wilshire Blvd
2  Suite 230
3  Los Angeles CA 90025

4  Countrywide Bank
   PO Box 10219
5  Van Nuys CA 91410

6  Elliot Roberts
   23704 Long Valley Road
7  Hidden Hills 91302

8
   Franchise Tax Board
9  Attention Bankruptcy
   PO Box 2952
10 Sacramento CA 95812

11
   ING Direct
12 600 West St Germaine St
   Suite 200
13 Saint Cloud MN 56301

14 IRS
   PO Box 21126
15 Philadelphia PA 19114

16
   Janet Sheen Tee
17 View Trust
   1161 San Vicente Blvd Ste 1000
18 Los Angeles CA 90049

19
   Lisa Gutman
20 Remax OTB Estates
   6355 Topanga Canyon Blvd
21 Woodland Hills CA 91367

22
   Paul Radd
23 Prudential California Realty
   23925 Park Sorrento
24 Calabasas CA 91302

25

Peter Baer
Barry Eglit
co Paul Radd
23925 Park Sorrento
Calabasas CA 91302

Reliable Trust Deed Services
19510 Ventura Blvd
Suite 214
Tarzana CA 91356

UTLS Default Services LLC
PO Box 5899
5 Park Plaza Suite 1000
Irvine CA 92616

Weiss Family Living Trust
J Wink Inc
PO Box 9026
Calabasas CA 91372