Timothy F. Umbreit   SBN 145932
4701 Cartwright Ave
Toluca Lake, CA 91602

818-535-7381(v)
818-334-5659 (f)

tim@timumbreit.com

*[proposed] Attorney for: Carey Lee Salley*
*Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Carey Lee Salley<br>aka Carey L. LaSalle<br>aka Carey Lee LaSalle<br><br><br>Debtor<br>Debtor in Possession | Case No.: 1:10-bk-19021-KT<br><br>The Honorable Judge Kathleen Thompson<br><br>Chapter 11<br><br>SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES<br><br>MOTION TO DETERMINE:<br>STATUS OF CLAIM/INTEREST IS A VOID UNDERSECURED LIEN PURSUANT TO 11USC§506;<br>THE VALUE OF SECURITY PURSUANT TO FRBP 3012;<br>IF RENTS ARE CASH COLLATERAL UNDER 11 USC§§ 363(c) and 552(b)(2);<br>DECLARATION OF CAREY LEE SALLEY<br><br>Hearing Date: September 2, 2010<br>Hearing Time: 11:00 am<br>Courtroom: 301 |

Carey Lee Salley, Debtor and Debtor in Possession respectfully submits this supplemental memorandum of points and authorities in support of her motion to determine status of the interest of Bay Area Financial (BAF) and states:

Supplemental Memorandum of Points and Authorities                                                                 1

Case 1:10-bk-19021-KT    Doc 37    Filed 08/26/10    Entered 08/26/10 12:19:20    Desc
Main Document    Page 2 of 6

## THE HEARING ON AUGUST 24TH

On August 24th, a hearing was held at which time BAF, the holder of the second deed of trust on the Debtor's property, 23704 Long Valley Rd., (the Property). The BAF deed of trust is dated January 30, 2007 and contains an assignment of rents. BAF argued that its assignment of rents was a separate interest in the property by virtue of the security interest created by the assignment and, as such, the rents were cash collateral.

Debtor argued that the assignment of rents is part of the deed of trust and, if the second deed of trust held by BAF is wholly unsecured, the interest in the rents are void under 11 USC § 506.

Although BAF did not concede that the value of the Property was less than the balance of the first mortgage making its mortgage unsecured, assuming for the sake of argument, it is. Then, the issue is whether the assignment of rents stands apart from the deed of trust and creates a separate security interest in the post petition rents, ie cash collateral. Valuation of the collateral notwithstanding, the assignment of rents, standing alone, does not create a post petition interest in rents.

The hearing was continued to September 2nd. Debtor requested additional briefing.

## THE ASSIGNMENT OF RENTS

The relevant pages of the Deed of Trust are attached as Exhibit A. Excerpts are set forth:

> "Trustor irrevocably grants, transfer and assigns to trustee in trust, with power of sale, that property …Together with the rents, issues and profits thereof subject however, to the right, power and authority given to and conferred upon Beneficiary by paragraph (11) of the provisions to collect and apply such rents, issues and profits. For the purpose of securing: …2. Payment of the indebtedness …"

Paragraph 11 states, in relevant part:

1    "…Upon any such default, Beneficiary may at any time without notice, either

2    in person, by agent, or be a receiver to be appointed by a court …enter upon

3    and take possession of said property … collect such rents issues and

4    profits…"

5 In Debtor's prior Chapter 7 bankruptcy, BAF obtained an order, on January 22, 2010, granting

6 its motion for relief from stay. The order contained the additional relief requested by BAF. A

7 copy of the order is attached as Exhibit B. The relevant portion states:

8    "Additional provisions requested, that the relief from the stay is granted as to

9    the Movant [BAF] so that Movant may file a state court action against the

10    Debtor for specific performance to appoint a receiver to conserve, manage,

11    maintain, and collect the rents from the Property …"

12 Instead of filing a state court action to appoint a receiver to collect the rents, on BAF recorded a

13 Notice of Trustee Sale on the same day order for relief was entered setting the sale for July 29,

14 2010 (a copy of which is attached as Exhibit C).

15 BAF made no other demands for rents (declaration of Carey L. Salley).

## THE LAW

"The bankruptcy court looks to applicable state law to determine whether an assignment of rents provision in a mortgage or trust deed conveys outright ownership of rents or simply a security interest therein. "Property interests are created and defined by state law." *Butner v. United States,* 440 US 48, 55, 99 S.Ct. 914, 918 (1979); *In re Jason Realty, L.P.* 59 F3d 423, 427 (3rd Cir. 1995); *Cal. Prac. Guide Bankruptcy* 14:270.

"Under California law, a post–1996 written assignment of an interest in "rents, issues or profits" from *real property* creates only a *security interest regardless of form*—i.e., even if the assignment purports to convey "absolute" title or ownership of the rents not conditioned on default." [See Calif. Civ.C. § 2938(a)]. *Cal. Prac. Guide Bankruptcy* 14:271.

Supplemental Memorandum of Points and Authorities    3

California Civil Code § 2938(a) states, in pertinent part:

> A written assignment of an interest in leases, rents, issues, or profits of real property made in connection with an obligation secured by real property, irrespective of whether the assignment is denoted as absolute, absolute conditioned upon default, additional security for an obligation, or otherwise, shall, upon execution and delivery by the assignor, be effective to create a present security interest in existing and future leases, rents, issues, or profits of that real property.

California Civil Code § 2938(c) states, in pertinent part:

> (c) Upon default of the assignor under the obligation secured by the assignment of leases, rents, issues, and profits, the assignee shall be entitled to enforce the assignment in accordance with this section. On and after the date the assignee takes one or more of the enforcement steps described in this subdivision, the assignee shall be entitled to collect and receive all rents, issues, and profits that have accrued but remain unpaid and uncollected by the assignor or its agent or for the assignor's benefit on that date, and all rents, issues, and profits that accrue on or after the date. The assignment shall be enforced by one or more of the following:
>   (1) The appointment of a receiver.
>   (2) Obtaining possession of the rents, issues, or profits.
>   (3) Delivery to any one or more of the tenants of a written demand for turnover of rents, issues, and profits in the form specified in subdivision (k), a copy of which demand shall also be delivered to the assignor; and a copy of which shall be mailed to all other assignees of record of the leases, rents, issues, and profits of the real property at the address for notices provided in the assignment or, if none, to the address to which the recorded assignment was to be mailed after recording.
>   (4) Delivery to the assignor of a written demand for the rents, issues, or profits, a copy of which shall be mailed to all other assignees of record of the leases, rents, issues, and profits of the real property at the address for notices provided in the assignment or, if none, to the address to which the recorded assignment was to be mailed after recording.

"Under California law, even when assignment of rents is absolute, affirmative enforcement step in addition to perfection is prerequisite to lender's possession of rents."

"Under California law, lender is entitled under assignment of rents to all rents, issues, and profits from time of demand upon defaulting borrower to deliver possession and pay over rents."

" Under California law, lender's right to possession of rents under assignment of rents arises only upon both borrower's default and lender's demand for possession."

" Under California law, third party acquires priority in rents against lender that has not enforced its interest under assignment of rents." *In re GOCO REALTY FUND I,* 151 B.R. 241, 23 Bankr.Ct.Dec. 1703 (N.D. CA 1993).

To enforce the security interest, BAF is required to take one of four steps: get a receiver; obtain possession of the rents; make a proper demand; and/or, make a proper written demand on the tenant. BAF did not do any of those. The Debtor acquired a priority in rents by virtue of 11 USC §544. Accordingly, irrespective of the valuation of the Property, BAF's security interest is not enforceable and the rents are not cash collateral.

Dated: August 26, 2010.

    /s/ Timothy F. Umbreit
Timothy F. Umbreit

Supplemental Memorandum of Points and Authorities      5

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 4701 Cartwright Ave., Toluca Lake, CA 91602

A true and correct copy of the foregoing document described as Supplemental Memorandum Motion to Avoid Lien will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 26, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Katherine Bunker    kate.bunker@usdoj.gov
- Scott C Clarkson    sclarkson@lawcgm.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On August 1, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

The Honorable, Kathleen Thompson, Judge USBC, 21401 Burbank Blvd., Suite 305, Woodland Hills, CA 91367 (Personal delivery)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| Timothy F. Umbreit | | /s/ Timothy F. Umbreit |
| *Date*  August 26, 2010 | *Type Name* | *Signature* |

Supplemental Memorandum of Points and Authorities                                                                                                  6